IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL SMITH**
308 Kansas Ave
Olpe, KS 66865

            Plaintiff,          Case No.  17-2465

vs.

**CREDIT MANAGEMENT SERVICES, INC**
Serve:

The Corporation Company, Inc
112 SW 7th Street, Suite 3C
Topeka, KS 66603

            Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Michael Smith, by counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C.§ 1692 *et seq*. (Fair Debt Collection Practices Act), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. 1331. Venue in this District is proper in that Defendant directed their collection efforts into the District.

### PARTIES

3. The Plaintiff is a natural person and resident of the State of Kansas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely medical services provided.

4. Upon information and belief, Defendant Credit Management Services, Inc. ("CMS"), is a corporation authorized to do business in the State of Kansas.

5. Defendant CMS is a debt collector as defined by 15 U.S.C.§ 1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

## FACTUAL STATEMENTS

6. On multiple occasions prior to June 20, 2016, Plaintiff obtained medical services through Newman Regional Health ("NRH").

7. The Plaintiff encountered financial difficulty and could not pay those medical bills.

8. On June 20, 2016 the Plaintiff filed for chapter 13 bankruptcy relief in the District of Kansas, case number 16-21087.

9. The original creditor, NRH, was included in the bankruptcy schedules.

10. NRH was served the notice of filing bankruptcy multiple times for the filing of the case, the plan and the confirmation of the plan.

11. On or about July 11, 2016, CMS was assigned to collect the Plaintiff's medical debts by NRH .

12. NRH failed to perform any investigation on the Plaintiff or his accounts.

13. On September 30, 2016, CMS filed a lawsuit against the Plaintiff for the debt owed to NRH.

14. As a result of their collection activity, the Plaintiff has suffered actual damages in the form of frustration, inconvenience, postage costs and the loss of the full enjoyment of the automatic stay protection of the bankruptcy court.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT

15. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

16. The Defendant CMS was attempting to collect a consumer debt as defined by 15 U.S.C. § 1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

17. The standard in determining whether the Defendant CMS violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F. 3d 233, 237 (2nd Cir. 1998); *Swanson v. Oregon Credit Service,* 869 F. 2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc*., 760 F. 2d 1168, 1172-75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107, 111 (3d Cir. 1991).

18. 15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

19. Defendant CMS took collection efforts by filing a lawsuit in the District of Lyon County, Kansas on a debt that was included in an ongoing bankruptcy case.

20. Specifically, Defendant CMS's acts violated the following subsections (2) the false representation of the character, amount, or legal status of any debt; and (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. Therefore, the Plaintiff is entitled to recover actual damages, statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and for such other and further relief as may be just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael Smith respectfully requests this Court award the following:

a. actual damages against Credit Management Services, Inc.;
b. statutory damages against Credit Management Services, Inc. of $1,000;
c. attorneys' fees and costs of this action;
d. such other relief as may be deemed just and proper;

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

By: **/s/Ryan B. Patton**
Ryan B. Patton #78155
Ryan D. Knipp #23225
Patton & Knipp, LLC
12760 W 87th St Pkwy, Ste 108
Lenexa, KS 66215
Telephone: (913) 495-9998
Fax: (888) 720-1985
rpatton@pattonknipp.com
rknipp@pattonknipp.com
**COUNSEL FOR PLAINTIFF**